Anna Y. Park, SBN 164242 (CA)
Derek Li, SBN 150122 (CA)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BIG LOTS, INC. and DOES 1-5, Inclusive,<br><br>Defendants | Case No.: CV08-06355 GW (CTx)<br><br>**COMPLAINT - CIVIL RIGHTS EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Black) and to provide appropriate relief to Frederick Thomas ("Charging Party") who was adversely affected by such practices. Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") alleges that Defendants Big Lots, Inc. and Does 1-5 ("Defendants") discriminated against

Charging Party and similarly situated individuals by subjecting them to racial harassment by supervisors and co-workers. Plaintiff further alleges that each Defendant was made aware of the discriminatory conduct but failed to take adequate steps to prevent it from continuing, resulting in a hostile work environment. Plaintiff further alleges that Charging Party was constructively discharged from his employment based on his race (Black).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000(f)(1) and (3) ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Central District of California.

## PARTIES

4. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times alleged herein, Defendants were and have been continuously doing business in the State of California and the County of Los Angeles, and each continuously has employed at least fifteen (15) employees.

//
//

6. At all relevant times alleged herein, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1(b), (g) and (h).

7. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 - 5, inclusive. Therefore, Plaintiff sues Defendants DOES 1 - 5, inclusive by such fictitious names. Plaintiff reserves the right to amend the complaint to name the DOE defendants individually or corporately as they become known. Plaintiff alleges that each of the defendants named as DOES was in some manner responsible for the acts and omissions alleged in this Complaint and Plaintiff will amend the Complaint to allege such responsibility when the identity of the defendant is ascertained by Plaintiff.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to each Defendant, acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants as stated in this Complaint. Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

9. It is further alleged on information and belief that the unnamed defendants in the Complaint are alter egos, joint employers, and/or integrated enterprises of the named Defendant.

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the EEOC alleging violations of Title VII by Defendants.

1 | The EEOC issued a Letter of Determination finding that Charging Party and
2 | similarly situated individuals were subjected to unlawful employment
3 | discrimination based upon their race, Black, in violation of Title VII. Prior to
4 | instituting this lawsuit, the EEOC investigated and attempted to eliminate the
5 | unlawful employment practices herein alleged and to effect voluntary compliance
6 | with Title VII through informal methods of conciliation, conference, and
7 | persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-
8 | 5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

9 |     11. Since at least January 2005, Defendants have engaged in unlawful
10 | employment practices at its Southern California Distribution Center in Rancho
11 | Cucamonga, California in violation of Section 703(a) and Section 707 of Title VII,
12 | 42 U.S.C. § 2000e-2(a) by Charging Party and similarly situated individuals to
13 | employment discrimination based on their race, Black. Charging Party, who
14 | worked as a Maintenance Mechanic, and similarly situated individuals were
15 | victims of constant harassment based on their race. The harassment from a
16 | supervisor and co-workers included offensive racial jokes, comments, slurs and
17 | epithets, including but not limited to being subjected to repeated use of the word
18 | "n----r," and "monkey." The harassment also included being told that "they
19 | [Defendants] didn't need anymore Blacks working there." Despite having notice
20 | of such racial harassment, Defendants failed to take effective measures.

21 |     12. Since at least February 2006, Defendants have engaged in unlawful
22 | employment practices at its Southern California Distribution Center in Rancho
23 | Cucamonga, California in violation of Title VII. The unlawful employment
24 | practices include Defendants' constructive discharge and/or termination of
25 | Charging Party and similarly situated individuals from their employment because
26 | of their race, Black.

27 |     13. The effect of the practices complained of above has been to deprive
28 | Charging Party and similarly situated individuals of equal employment

opportunities and otherwise adversely affect their status as employees, because of their race, Black, under § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly situated individuals.

16. As a direct and proximate result of the aforesaid acts of Defendants, Charging Party and similarly situated individuals have suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and damages, according to proof.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining each Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race.

B. Grant a mandatory injunction requiring each Defendant to rehire Charging Party and other similarly situated individuals, as the Court deems necessary and proper in the public interest and to make them whole.

C. Order each Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all applicants regardless of race and which will eradicate the effects of its past and present unlawful employment practices.

D. Order each Defendant to make whole Charging Party and other similarly situated individuals by providing appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, discrimination on the basis of race.

1     E. Order each Defendant to make whole Charging Party and similarly
2 situated individuals by providing compensation for past and future pecuniary
3 losses, if any, including backpay, resulting from the unlawful employment
4 practices described above, in amounts to be determined at trial.
5     F. Order each Defendant to make whole Charging Party and similarly
6 situated individuals by providing compensation for past and future nonpecuniary
7 losses resulting from the unlawful practices complained of above, including, but
8 not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life,
9 and humiliation, in amounts to be determined at trial.
10     G. Order each Defendant to pay Charging Party and similarly situated
11 individuals punitive damages for its malicious and reckless conduct based on the
12 facts above, in amounts to be determined at trial.
13     H. Grant such further relief as the Court deems just and proper in the public
14 interest.
15     I. Award the Commission its costs of this action.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23
24
25
26
27
28

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD COOPER,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Dated: September 26, 2008

ANNA Y. PARK
Regional Attorney

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

### CV08- 6355 GW (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Anna Y. Park
U.S. Equal Employment Opportunity Commission
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
(213) 894-1083

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>PLAINTIFF(S)<br>v.<br><br>BIG LOTS, INC. AND DOES 1-5, INCLUSIVE<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 08-06355 GW (CTx)**<br><br>SUMMONS |
|---|---|

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Anna Y. Park_____, whose address is _255 E. Temple Street, 4th Floor, Los Angeles, CA 90012_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **SEP 26 2008**      By: _____
                                 Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                                      SUMMONS

Anna Y. Park
U.S. Equal Employment Opportunity Commission
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
(213) 894-1083

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>v.<br><br>BIG LOTS, INC. AND DOES 1-5, INCLUSIVE<br><br>PLAINTIFF(S)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 08-06355 GW (CTx)**<br><br>SUMMONS |
|---|---|

TO:   DEFENDANT(S): _____

   A lawsuit has been filed against you.

   Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Anna Y. Park_____, whose address is _255 E. Temple Street, 4th Floor, Los Angeles, CA 90012_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **SEP 2 6 2008**              By: **LA'REE HORN**
                                          Deputy Clerk

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1192

CV-01A (12/07)                         SUMMONS