Anna Y. Park, SBN 164242
Michael J. Farrell, SBN 266553
Elizabeth Esparza-Cervantes, SBN 205412
Thomas Lepak, SBN 245649
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:   (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Joel P. Kelly, SBN 100716
Dawn T. Collins, SBN 193447
Katharine J. Liao, SBN 255157
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile:  (213) 689-0430
E-mail: kellyj@jacksonlewis.com
E-mail: collinsd@jacksonlewis.com
E-mail: liaok@jacksonlewis.com

Attorneys for Defendant
Big Lots Stores, Inc.

**MADE JS-6**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>BIG LOTS, INC. and DOES 1-5, Inclusive,<br><br>　　　　　　Defendants. | Case No. CV-08-06355 GW (CTx)<br><br>**CONSENT DECREE** |

1

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendant Big Lots, Inc. ("Big Lots") hereby stipulate and agree to entry of this Consent Decree ("Decree") to resolve the EEOC's claims in this action, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging that Charging Party and a class of similarly situated individuals were subjected to unlawful employment practices on the basis of their race (Black).

# II.

## SCOPE AND PURPOSES

A.     The parties to this Decree are the EEOC and Big Lots, Inc. (collectively, the "Parties").  Defendant asserts that Big Lots Stores, Inc. is the appropriate party in this case and not Big Lots, Inc.  This Decree shall be binding on and enforceable against Big Lots, which includes its officers, directors, agents, successors and assigns.  The scope of this Decree encompasses Big Lots' Rancho Cucamonga Distribution Facility (hereafter "RCDC").

B.     The parties have entered into this Decree for the following purposes:

      1.     To avoid expensive and protracted costs incident to litigation;

      2.      To provide a final and binding settlement upon the parties as to all claims alleged in the Complaint;

      3.     To provide monetary and injunctive relief;

      4.     To ensure that Big Lots' employment practices comply with federal law, including ensuring a work environment free from discrimination, harassment and retaliation;

      5.     To ensure training for Big Lots' managers and employees with respect to their obligations under Title VII; and

      6.     To provide an appropriate and effective mechanism for handling discrimination complaints in the workplace.

CONSENT DECREE

## III.

## RELEASE OF CLAIMS

A.     The parties agree that this Decree constitutes a complete resolution of EEOC Charge No. 480-2006-00714 and the complaints filed in this action.  This encompasses the EEOC's allegations that, since at least January 2005, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by subjecting Charging Party and similarly situated Black employees at its Southern California Distribution Center in Rancho Cucamonga to race based disparate treatment and to race based harassment by co-workers and supervisors.  The Decree does not, however, resolve any charges of discrimination that may be pending with or brought in the future before the EEOC other than the charge specifically referred to in this paragraph.

B.     Nothing in this Decree shall be construed to limit or reduce Big Lots' obligation to comply fully with Title VII or any other federal employment statute.

C.     This Decree in no way affects EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Big Lots in accordance with standard EEOC procedures.

D.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any Party hereto fails to perform the promises and representations contained herein.

## IV.

## EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.  On the second anniversary of the Effective Date, the decree will be shortened to two and a half years if, after evaluating Big Lots' Consent Decree compliance, the EEO Consultant deems that

the additional six months of injunctive relief are not needed at RCDC.  Such determination shall not be unreasonably withheld.

## V.

## JURISDICTION

A.      This Court has jurisdiction over the Parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize this Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.      This Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

///

///

4

## VII.

## **COMPLIANCE AND DISPUTE RESOLUTION**

A.      The Parties expressly agree that if the EEOC has reason to believe that Big Lots has failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the Commission will notify Big Lots and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Big Lots has breached.  Absent a showing that the delay will cause irreparable harm, Big Lots shall have sixty (60) days to attempt to resolve or cure the breach.  The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

B.      After sixty (60) days have passed with neither a resolution to any noticed dispute, nor an agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including, but not limited to, an extension of the term of the Decree for such period of time as Big Lots is shown to be in breach of the Decree, monetary relief, injunctive relief, and appropriate attorney's costs associated with the petition.

## VIII.

## **MONETARY RELIEF**

A.      Big Lots shall pay a total of $ 400,000 (the "Total Settlement Amount") to resolve this action.  The designation of monies to the Charging Party and the identified and as-yet unidentified class members shall be made at the sole discretion of the EEOC.

B.      The EEOC shall send Defendant a list containing the name, address and amount of distribution for Charging Party and each presently identified class member.  Within twenty (20) from the EEOC's delivery of said list to Defendant or from the Effective Date, whichever is later, Big Lots shall forward, via certified

CONSENT DECREE

mail, a check to the Charging Party and each presently identified class member in amounts designated by the EEOC.

      C.    <u>Class Fund And Class Attorney Fees Fund.</u>  Within ninety (90) days of the Effective Date, Big Lots shall set aside from the Total Settlement Amount amounts designated by the EEOC to be held in escrow as a potential Class Fund for the purpose of paying as-yet unidentified class members.  This Class Fund may be used to distribute, in accordance with the provisions of this Decree, monetary payments to any eligible as-yet unidentified class members (as defined below).

      1.    Establishing the Class Fund

        a.    Within ninety (90) days of the Effective Date, Big Lots shall deposit the money into the Class Fund escrow account as required by this Decree.  Within ten (10) business days after such deposit, Big Lots shall provide the EEOC with written verification of the funding.

        b.    Ninety (90) days after the Effective Date, Big Lots shall notify the EEOC of the amount of any monies in the escrow account, including accrued interest.

        c.    The Class Fund shall be used to make payments to as-yet unidentified class members who timely submit claims and whom the EEOC determines to be eligible to receive monetary relief in this lawsuit.

        d.    Big Lots will pay attorneys' fees up to $200 for reviewing each Individual Release required by Big Lots from as-yet unidentified class members who timely submit claims and whom the EEOC determines to be eligible to receive monetary relief in this lawsuit (the "Class Attorney Fee Fund").  The aggregate of these payments is not to exceed $5,000.

CONSENT DECREE

i.    Each class member will be provided an opportunity to seek the advice of an attorney to assist them with the decision regarding whether to sign the Individual Release.

ii.   Resolution of the EEOC's suit against Defendant is not contingent upon any Individual Release: and the EEOC will not be a party to any Individual Release.

e.    Any portion of the Class Fund, including accrued interest, not distributed under this Decree will be donated by Big Lots to a charity approved by the EEOC.

2.    Claims Process

a.    Within ten (10) business days following the entry of this Decree, Big Lots shall forward to the EEOC the names, date of birth, most current last known addresses, telephone numbers, social security number, state drivers' license and/or identification number, tax identification number, emergency contact information, and any forwarding employment information for all employees who self identified as African American and who were employed by Big Lots from January 1, 2004 until the Effective Date at the RCDC.

b.    Upon receipt of the employee list described above, the EEOC shall send a questionnaire to each former or current employee. Within 180 days of receipt of employee list, the EEOC shall make a determination as to the potential class member's eligibility and the amount of monetary relief from the Class Fund for each eligible class member.  The EEOC has the sole discretion in determining class member eligibility.  The EEOC also has sole discretion to determine any monetary amount allocated from the Class Fund to any as-yet unidentified class member.  The EEOC's determination of these issues is final, and

7

Big Lots agrees that it will neither participate in, nor object to, the EEOC's determinations.

c.      Within ten (10) business days of receiving the EEOC's Class Fund distribution list, Big Lots shall direct the escrow agent to forward payment from the Class Fund to each class member, via certified mail, return receipt requested, as determined by the EEOC and reflected in the distribution list.

d.      All amounts distributed from the Class Fund constitute compensatory damages under the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The monies shall be designated as compensatory damages and no tax withholding shall be made. Big Lots shall issue a Form 1099 to each claimant in the amount of his/her check.  Within three (3) business days of the issuance of each check, Big Lots shall submit a copy of that check and related correspondence to the Anna Y. Park, Los Angeles Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

## IX.

## GENERAL INJUNCTIVE RELIEF

A.      Non-Discrimination

1.      Discrimination Based on Race.

Big Lots, its officers, directors, agents, managers, supervisory employees, successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to discriminate against any persons on the basis of race with regard to the terms, conditions, benefits, privileges or practices of employment.

2.      Harassment Based on Race.

Big Lots, its officers, directors, agents, managers, supervisory

CONSENT DECREE

employees, successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to: (a) unlawfully harass or tolerate unlawful harassment against any person on the basis of race; (b) create, facilitate or permit the existence of a work environment that is hostile to employees based on race; and (c) engage in or be a party to any action, including actions from customers, policy, or practice that is intended or known to have the effect of unlawfully harassing or intimidating any employee on the basis of race.

3.  Retaliation.

Big Lots, its officers, directors, agents, managers, supervisory employees, successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to engage in, implement or permit any action, policy or practice with the intent to retaliate against any current or former employee or applicant of Big Lots because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Big Lots), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

B.  Posting

Within ten (10) business days after the Effective Date, Big Lots shall post, at the RCDC in a clearly visible location frequented by employees, notice in the form of the document attached as Exhibit "A."  The notice shall remain posted for the term of the consent decree.

///

CONSENT DECREE

C.      Equal Employment Opportunity Consultant

Within sixty (60) days after the Effective Date, Big Lots shall retain an Equal Employment Opportunity Consultant ("Consultant") to monitor Big Lots' compliance with Title VII and the provisions of this Decree.  The Consultant shall have demonstrated experience in the area of employment discrimination and race harassment issues.  The Consultant shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  Big Lots shall propose a Consultant to the EEOC.  If the EEOC does not approve Big Lots' proposed Consultant, the EEOC shall provide Big Lots with a list of at least three suggested candidates acceptable to the EEOC.  Big Lots shall bear all costs associated with the selection and retention of the Consultant and the performance of the Consultant's duties.  For the term of the Decree, the Consultant's responsibilities shall include:

1.      Ensuring that Big Lots' anti-harassment policy and reporting procedure effectively carry out its obligations under Title VII and this Decree;

2.      Ensuring that all employees, including management and human resources employees, are trained on their rights and responsibilities under Title VII and this Decree, including, but not limited to, the responsibility to provide a workplace free of discrimination;

3.      Ensuring that all employees, including management and human resources employees, are trained on policies and procedures relating to racial harassment, discrimination, and retaliation;

4.      Ensuring that Big Lots' procedures for complaints of discrimination, harassment and retaliation comply with its obligations under Title VII and this Decree;

5.      Monitoring any investigation of any complaint at the RCDC of racial harassment, discrimination and/or retaliation to ensure compliance with Title VII and this Decree;

6.      Ensuring proper communications with complainants regarding the complaint procedure, status of the complaint, status of the

CONSENT DECREE

investigation, results of the investigation, and any remedial action taken;

7. Ensuring that the RCDC creates a centralized system of tracking discrimination, harassment, and retaliation complaints;

8. Ensuring that Big Lots' disciplinary policies hold employees and managers accountable for failing to take appropriate action regarding complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

9. Preparing a brief semi-annual report on Big Lots' progress and its compliance under this Decree;

10. Ensuring that any reports by Big Lots required by this Decree are accurately compiled and timely submitted; and

11. Further ensuring compliance with the terms of this Decree.

D. Policies Concerning Discrimination and Harassment

1. Within sixty (60) days after the Effective Date, Big Lots shall review and revise its policies and procedures on discrimination and racial harassment.  Within seventy-five (75) days after the Effective Date, Big Lots shall provide a copy to the Commission of a revised or renewed policy on discrimination and racial harassment that shall include:

a. A clear explanation of prohibited conduct;

b. A clear explanation of a complaint process that provides accessible and confidential avenues of complaint with contact information including name (if applicable), address, and telephone number of persons to whom employees may report discrimination and retaliation, including persons and agencies both internal (e.g., human resources, managers in or out of the complainants direct supervisory chain) and external (e.g., the Consultant, EEOC) to Big Lots;

c.     Assurance that employees who make complaints of harassment or discrimination, or who provide information related to such complaints, will be protected against retaliation;

d.     Assurance that the employer will protect, to the fullness extent possible the confidentiality of any harassment or discrimination complaint;

e.     A clear explanation of a complaint process that will provide a prompt, thorough, and impartial investigation, as detailed below;

f.     Assurance that Big Lots will take immediate and appropriate corrective action when it determines that harassment, discrimination, or retaliation has occurred;

g.     Assurance the employer will communicate with the complainant in writing regarding the status of the complaint, investigation, results of the investigation, and any remedial action taken, subject to employee privacy requirements; and

h.     Assurance that Big Lots' disciplinary policies will hold all employees, including management and human resources staff, accountable for engaging in conduct prohibited under Title VII or this Decree, or for failing to take appropriate action to address discrimination, harassment, or retaliation.

2.     Upon receipt, the EEOC shall review the policy for compliance with Title VII and this Decree and notify Big Lots of any necessary revisions.  If the parties cannot agree on the proposed revisions, any disputes will be resolved according to the Compliance and Dispute Resolution provisions set forth herein.

3.     When satisfied that the policy is in compliance, the EEOC shall notify Big Lots.  Within ten (10) business days of receiving this notification, Big Lots shall distribute the policy to all employees, including management and human resources employees, throughout the term of

12

this Decree.  Big Lots shall maintain acknowledgments from each employee who receives the policy.

4.    Within six (6) months of receiving this notification, and continuing throughout the term of this Decree, Big Lots shall revise any relevant policy document, website, or employee manuals distributed to employees to reflect the policy.

5.    Throughout the term of this Decree, Big Lots shall also post the revised policy at each of its facilities, in a clearly visible location frequented by employees.

E.    Training

1.    Within one hundred twenty (120) days after the Effective Date and annually thereafter, all employees, including management, human resources employees, and headquarters employees directly responsible for supervising the RCDC in employment discrimination matters, shall be required to attend a training program of at least one (1) hour in order to review the revised policies and procedures regarding harassment, and to review EEO law.  The training shall be mandatory and occur once every year for the term of this Decree.  Any manager, supervisor, or employee who failed to attend scheduled training shall be trained within (30) days of the live training set forth above.

2.    Within one hundred twenty (120) days after the Effective Date or thirty (30) days after hiring the Consultant, whichever is later, every managerial, supervisory, and human resources employee shall be required to attend a training program of at least two (2) hours duration. Additionally, once every year throughout the term of this Decree, every managerial, supervisory, and human resources employee shall be required to attend a training program of at least one (1) hour duration.  .

3.    All trainings under this Decree shall include coverage of the subjects of equal employment opportunity rights and responsibilities,

13

discrimination, harassment, retaliation, and Big Lots revised policies and procedures for reporting and handling complaints of race harassment, race discrimination, and retaliation.

4. Additionally, any training for managers, supervisors, or human resources employees shall include training on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, how to take preventive and corrective measures against discrimination and/or retaliation, and how to recognize and prevent race harassment, race discrimination and/or retaliation.

5. Within thirty (30) days of the date of hire, for the remainder of the term of this Decree, every new employee, including managerial and human resources employees, shall receive the appropriate training described above.

6. Within thirty (30) days of the date of promotion, for the remainder of the term of this Decree, every employee promoted from a staff position to a managerial or supervisory position, shall receive the management training described above.

7. Any employee, including management and human resources employees, required to attend any training under this Decree shall verify in writing his/her attendance of each training.

8. Within sixty (60) days after the Effective Date or thirty (30) days after hiring the Consultant, whichever is later, Big Lots shall submit to EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees.  Big Lots shall give EEOC a minimum of twenty (20) business days' advance written notice of the date, time and location of each training program provided pursuant to this Decree, and agrees that an EEOC representative may attend any such training program.

///

CONSENT DECREE

F.      Management Accountability Standards

      1.      Big Lots will ensure that its managers in the applicable region comply with Big Lots' anti-harassment and discrimination policies by establishing accountability standards.

G.      Complaint Procedure

      1.      Throughout the term of this Decree, Big Lots shall:

            a.      investigate and resolve complaints of discrimination, harassment and retaliation in a timely and effective manner; and

            b.      track and collect all complaints filed; and

            c.      retain records regarding resolution of all such complaints.

      2.      Within sixty (60) days of the Effective Date, Big Lots shall ensure that it has publicized an internal complaint procedure at the RCDC to provide for the filing, investigation and, if appropriate, remedying of complaints of discrimination, harassment or retaliation.

      3.      Big Lots shall establish a toll-free complaint hotline that shall be disseminated to all Big Lots employees informing them that a complaint can be lodged at any time.  All calls to the toll-free complaint hotline shall be tracked by Big Lots during the term of the Decree, and the Consultant shall have access to all tracking records or call logs.  Big Lots shall also publicize the EEOC complaint line number of (800) 669-4000.

      4.      The internal complaint procedure shall incorporate the following elements:

            a.      A policy describing how investigations will be conducted;

            b.      A guarantee of prompt commencement and thorough investigation by a person trained to conduct such investigations who is not connected with the complaint;

c.  A statement guaranteeing that an investigation should include interviews of all relevant witnesses, including the complainant, and reviews of all relevant documents;

d.  A guarantee that Big Lots will track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation, and any remedial actions taken;

e.  A provision guaranteeing the reasonably prompt resolution of such complaints;

f.  An opportunity for a the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

g.  A statement ensuring confidentiality of the complaint and investigation to the fullest extent possible;

h.  A statement ensuring communication with the complainant in writing regarding the status of the complaint, investigation, results of the investigation, and any remedial action taken; and

i.  An appeal procedure to an appropriate Big Lots representative, should the complainant be dissatisfied with the results of the investigation; and

j.  A notice that employees or applicants complaining of discrimination may use the company's internal complaint procedure and contact information for EEOC or state or local Fair Employment Practice (FEP) agencies.  The notice shall also state that filing an internal complaint does not relieve the complainant of meeting any applicable deadline for the filing of a charge or complaint with EEOC or state or local FEP agencies.

k.  A statement that it is unacceptable to retaliate against any employee for use of the Internal Complaint Procedure, for

CONSENT DECREE

assisting in the investigation of a complaint, or for otherwise
assisting in the utilization of the procedure.

l.      A statement that if an allegation of discrimination or retaliation
against a manager or other employee is substantiated, then such
conduct will result in appropriate discipline, up to and including
discharge.

5.      The policy shall not require that the complainant confront his/her
harasser.  The policy shall allow for either internal or external
complaint to any appropriate person or agency.

6.      The policy shall not require an employee to initiate the complaint
process by submitting a written complaint or a form designed for the
purpose.  The policy shall allow for either a written or verbal complaint
to any appropriate person or agency.

7.      The policy shall state that it is not intended to supplant the right of any
employee to file a charge or complaint of discrimination or retaliation
under any available municipal, state, or federal law.

8.      The Consultant shall track all complaints filed under the policy and
retain records regarding resolution of all such complaints.  The Consultant shall also
ensure that Big Lots publicizes the complaint procedure and monitor Big Lots'
investigation and resolution of any complaints made thereunder.

**RECORD KEEPING AND REPORTING**

A.      Record Keeping

In addition to any record keeping provisions required by this Decree, Big Lots
shall establish a record-keeping procedure that provides for the centralized tracking
of discrimination complaints at the RCDC and the monitoring of such complaints to
prevent retaliation. The documents shall be summarized in the semi-annual reports
set forth below.  The records to be maintained shall include:

1.      Any documents acknowledging an employees' receipt of Big Lots
policy instituted pursuant to this Decree;

17

2.    All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

3.    Documents tracking and analyzing complaints filed against the same employee and location;

4.    All documents generated in connection with any complaint of discrimination, harassment, or retaliation, including, but not limited to, any investigation of the complaint, the identities of the parties involved, and any resolution; and

B.    Reporting

In addition to the notice and reporting requirements above, Big Lots shall provide, without assertion of the attorney-client privilege or attorney work product, the following reports to the EEOC in writing, by mail or facsimile:

1.    Within One Hundred Twenty (120) days after the Effective Date, Big Lots shall submit to EEOC an initial report which contains:

a.    A copy of the revised discrimination and anti-retaliation policy;

b.    A summary of the procedures and record-keeping methods developed with the Consultant for centralized tracking of discrimination complaints and the monitoring of such complaints;

c.    A statement confirming that the required notices pertaining to this Decree and the revised discrimination and anti-retaliation policies have been posted; and

d.    Copies of all employee acknowledgment forms indicating receipt of the revised discrimination and anti-retaliation policy.

2.    Big Lots shall also provide the following reports semi-annually throughout the term of this Decree:

18

CONSENT DECREE

a. The attendance lists of all RCDC attendees for all training sessions required under this Decree that took place during the previous six months;

b. Acknowledgments of receipt of the revised discrimination and harassment policy for all RCDC employees hired during the previous six months;

c. A description of all discrimination and/or retaliation complaints, spanning the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging harassment or retaliation, the nature of the harassment or retaliation, the names of the alleged perpetrators of harassment or retaliation, the dates of the alleged harassment or retaliation, a brief summary of how each complaint was resolved, and the identity of Big Lots employee(s) who investigated or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report;

d. An analysis of the monitoring done when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution; and

e. A report detailing the policies and procedures implemented by Big Lots as part of its management accountability standards referenced above at paragraph F(1).

f. A report detailing any changes to the procedures or record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints, within thirty (30) days prior to implementing such changes.

///

///

CONSENT DECREE

# XI.

## COSTS OF ADMINISTRATION AND

## IMPLEMENTATION OF CONSENT DECREE

Big Lots shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

# XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

# XIII.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Big Lots shall provide any potential successor-in-interest with a copy of this Consent Decree within thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Big Lots' facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of the same.

B.      During the term of this Consent Decree, Big Lots and its successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

///
///
///
///
///
///
///

CONSENT DECREE

1      D.      The parties agree to entry of this Decree and judgment subject to final

2 approval by the Court.

3

4                                 EQUAL EMPLOYMENT OPPORTUNITY
                                 COMMISSION

5 Dated: 02/11/2010

                               By:       /s/ Anna Y. Park

6                                   Anna Y. Park

7                           Attorneys for Plaintiff

8

9

10 Dated:  02/11/2010         BIG LOTS, INC.

11                               By:    /s/ Joel Kelly (via e-mail consent)

12                                   Joel Kelly
                             Attorneys for Defendant

13

14                                **ORDER**

15 GOOD CAUSE APPEARING:

16      The Court hereby retains jurisdiction and the provisions of the foregoing

17 Consent Decree are hereby approved and compliance with all provisions thereof is

18 HEREBY ORDERED.

19                            IT SO ORDERED.

20 Date: February 16, 2010

21

22                               United States District Court Judge

23

24

25

26

27

28

21